IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-439-D

| | | |
|---|---|---|
| ROSA ADAMS RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rosa Adams Richardson ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE-25] be granted, Defendant's Motion for Judgment on the Pleadings [DE-27] be denied, and the matter be remanded to the Commissioner for further consideration.

### STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability and DIB on February 4, 2013 (Tr. 103, 117), alleging disability beginning May 26, 2011 (Tr. 232). The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 103, 117, 132.)

On March 12, 2015, a hearing was held before Administrative Law Judge Michael A. Krasnow ("ALJ"), who issued an unfavorable ruling on March 18, 2015. (Tr. 26, 35.) On June 26, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since May 26, 2011. (Tr. 21.) Next, the ALJ determined Plaintiff had the following severe impairments: "degenerative disc disease, carpal tunnel syndrome, obesity, osteoarthritis of the left knee, and degenerative joint disease of the bilateral shoulders." (*Id.*) The ALJ also found that Plaintiff's obstructive sleep apnea and diabetes mellitus were non-severe impairments. (*Id.*) However, at step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21-22.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform sedentary work "except she can frequently push and pull, reach overhead, handle, and finger with her bilateral upper extremities; occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; and never climb ladders, ropes, or scaffolds, or crawl." (Tr. 22.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her symptoms not fully credible. (Tr. 23.) At step four, the ALJ concluded Plaintiff had the RFC to perform the requirements of her past relevant work as a receptionist and secretary. (Tr. 26.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in weighing a treating physician's opinion. Second, Plaintiff asserts that the case should be remanded for the evaluation of new and material evidence.

Plaintiff asserts that the ALJ erred in failing to give proper weight to the medical opinion of her treating physician, Dr. Abraham A. Cherrick. An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's]

symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then determine the weight to be given the treating physician's opinion by applying the following factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; and (5) whether the physician is a specialist in the field in which the opinion is rendered. 20 C.F.R. § 404.1527(c)(2)–(5); *see also Parker v. Astrue*, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011).

On May 21, 2010, Dr. Cherrick wrote a letter in support of Plaintiff's disability status. (Tr. 425-26.) He stated that he had treated Plaintiff for six years regarding her pain management. He noted that Plaintiff's last MRI from 2006 showed "an L4-5 herniation to the left with neuroforminal narrowing," "mild canal and moderate bilateral neuroforminal narrowing at L5-S1 due to facet hypertrophy," "disc bulges," and "a cognitively small canal." (Tr. 425.) Dr. Cherrick also addressed Plaintiff's shoulders, stating that a 2008 MRI showed "intra-articular loose bodies, degenerative changes of the AC joint, tendinopathy, tears of the subscapularis," partial tears of both the infraspinatus and supraspinatus and a "subtle Hill-Sachs deformity consistent with previous shoulder dislocations." (Tr. 425.) Dr. Cherrick further stated that Plaintiff had been diagnosed with bilateral carpal tunnel syndrome. (Tr. 425.)

5

Regarding Plaintiff's work capabilities, Dr. Cherrick opined, "It is my opinion within a reasonable degree of medical certainty that [Plaintiff's] symptoms are permanent and chronic and no meaningful recovery is expected such that she would be able to return to work." (Tr. 425.) Dr. Cherrick addressed work restrictions stating, "I have placed restrictions on her work activities, and I expect these restrictions to be permanent. These restrictions include no prolonged sitting or standing, no lifting, bending or twisting, lifting limitations 10 pounds or less. Carpal tunnel syndrome also limits her typing and that should be limited as well." (Tr. 426.) Lastly, Dr. Cherrick said, "It should also be noted the [Plaintiff] gets blood pressure changes with interventional procedures and those are not options for her." (Tr. 426.)

The ALJ addressed Dr. Cherrick's letter, stating the following:

> The May 2010 opinion of Dr. Cherrick that the claimant's ability to lift more than 10 pounds and stand for prolonged periods was limited is given some weight; however, little weight is given to his opinion that the claimant could not sit for prolonged periods, bend, twist, or lift any amount of weight, as these limitations are inconsistent with his treatment notes and other objective findings of record, which document relatively mild clinical findings. The undersigned also noted that . . . a medical source statement that a claimant is "disabled" does not guarantee a *per se* determination of disability. This is because the determination whether a claimant meets the statutory definition of disability is reserved for the Commissioner. As such, his opinion that the claimant was unable to work is given little weight.

(Tr. 25.)

While the ALJ noted Plaintiff's carpal tunnel syndrome diagnosis and positive bilateral Tinel's tests elsewhere in his decision, he does not appear to have weighed Dr. Cherrick's opinion that "[c]arpal tunnel syndrome also limits [Plaintiff's] typing and that should be limited as well." (Tr. 426.) The ALJ found Plaintiff's carpal tunnel syndrome to be a severe impairment and limited her to "frequent push[ing] pull[ing], reach[ing] overhead, handl[ing], and finger[ing] with

6

her bilateral upper extremities." However, the ALJ did not explain how he considered Dr. Cherrick's opinion in making the RFC determination.

It is not clear from the record the extent to which the ALJ may have rejected the restrictions imposed by Dr. Cherrick or his reasons for doing so. Dr. Cherrick's May 2010 letter states that Plaintiff's ability to type is limited due to carpal tunnel syndrome. (Tr. 425.) Dr. Cherrick more fully explained the severity of Plaintiff's limitations in a Residual Functional Capacity Assessment completed by him in May 2015. In the May 2015 assessment, Dr. Cherrick notes that Plaintiff had been diagnosed with carpal tunnel syndrome in March 2014 and is able to use her hands to perform "simple grasping" and "fine manipulation" less than occasionally, which is defined as 0-10% of the time. (Tr. 855.) He further opines that due to her various physical impairments Plaintiff is able to "reach up above shoulders," "carefully handle objects" and "handle with fingers" less than occasionally, or 0-10% of the time (Tr. 852-53) and that she can "reach down to waist level" and "reach down towards floor" occasionally, or 10-33% of the time (Tr. 853). Dr. Cherrick further indicates that Plaintiff's functional limitations are not likely to improve – that her condition is likely to worsen over time. (Tr. 852.)

Dr. Cherrick's May 2015 assessment was not presented to or considered by the ALJ. However, "[t]he regulations . . . permit claimants to submit additional evidence, not before the ALJ, when requesting review by the Appeals Council." *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.968, 404.970(b)). Upon submission of additional evidence, the Appeals Council "determines if the submission constitutes 'new and material' evidence that 'relates to the period on or before the date of the [ALJ's] hearing decision.'" *Id.* at 704-05 (alteration in original) (quoting 20 C.F.R. § 404.970(b)). Evidence is new "if it is not duplicative or cumulative." *Wilkins v. Sec'y, Dep't Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).

7

"Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.*

In support of Plaintiff's appeal, counsel submitted Dr. Cherrick's May 2015 assessment to the Appeals Council. The Appeals Council admitted the new evidence but, on June 26, 2015, denied Claimant's request for review without making any specific findings regarding the evidence.[1] (Tr. 1-2, 4.) The May 2015 functional assessment completed by Dr. Cherrick and incorporated into the record by the Appeals Council contains a number of opinions that are relevant to the ALJ's consideration of both Dr. Cherrick's opinions and Plaintiff's functional capacity. Moreover, the opinions are material to the outcome of the ALJ's decision as Plaintiff was found capable of performing past work as a receptionist and secretary, both of which require frequent reaching, frequent handling and at least occasional fingering. (Tr. 73.)

While the Appeals Council admitted Dr. Cherrick's opinions into evidence, the ALJ did not have the benefit of this material information at the time of his decision, and the Appeals Council made no findings with regard to this newly admitted evidence in its order denying review. Because this evidence was made a part of the record and considered by the Appeals Council prior to its denial of review, the court must include this evidence in its review of the record as a whole. *Thomas*, 24 Fed. App'x at 162; *Sanders*, 2013 WL 3777198, at *4 ("Where, as here, the Appeals

---

[1] In its order denying review, the Appeals Council simply stated:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
>
> We concluded that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2.)

Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, 'the court must review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings.'" (quoting *Felts v. Astrue*, No. 1:11CV54, 2012 WL 1836280, at *1 (W.D. Va. May 19, 2012)) (first alteration in original) (internal quotation marks omitted)).

Given the materiality of Dr. Cherrick's opinions, the undersigned recommends that this matter be remanded to the Commissioner for further consideration. The undersigned expresses no opinion regarding the weight to be accorded Dr. Cherrick's opinions, but instead finds that the absence of any discussion concerning the functional limitations caused by Plaintiff's carpal tunnel syndrome and the opinions set forth in Dr. Cherrick's May 2015 assessment preclude the court from determining whether the Commissioner's decision is supported by substantial evidence in the record and based upon the proper legal standards.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE-25] be GRANTED, Defendant's Motion for Judgment on the Pleadings [DE-27] be DENIED, and the case be REMANDED to the Commissioner for further consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **July 29, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C.

9

§ 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 12th day of July 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge